IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. CCB-13-407 |
| | * | |
| JORGE AYALA-PIZZARO | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Jorge Ayala-Pizzaro is a thirty-one-year-old federal prisoner serving a 120-month sentence for drug trafficking. Now pending is Ayala-Pizzaro's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF 307). Ayala-Pizzaro seeks relief based on underlying health conditions making him particularly susceptible to serious illness related to COVID-19. *Id*. The government opposes the motion. (ECF 311). For the reasons explained below, the motion will be denied.

## BACKGROUND

Between at least December 2012 and his arrest in August 2013, Ayala-Pizzaro was involved in a conspiracy to distribute at least 10 kilograms of heroin. (ECF 174, Plea Agreement at 4–6). Ayala-Pizzaro was part of an organization, led by Luis Lugo-Santiago, that acted as a mid-level supplier of heroin to associates in Maryland and Delaware. Ayala-Pizzaro and his co-conspirators obtained bulk kilogram quantities of heroin from various suppliers, including one Pennsylvania-based distributor, and divided and repackaged the product for further distribution. (*Id.* at 4). Ayala-Pizzaro often handled transport of heroin and money to customers in Delaware . (*Id.* at 5). Investigators learned of this conspiracy primarily through a wiretap. On August 15, 2013 investigators executed a search warrant at an apartment In Philadelphia used by Ayala-Pizzaro and another co-conspirator. The search recovered drug packaging paraphernalia, including stamps and stamp pads used to brand heroin, rubber bands, clear plastic bags, and packaging paper. A search of a 2011 Jeep Liberty used

1

by Ayala-Pizzaro recovered nearly 1,300 grams of heroin from a hydraulic compartment in the car. (*Id.* at 6).

In December 2018, Congress enacted the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194. As part of the Act, Congress amended 18 U.S.C. § 3582(c), which empowers courts to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i); Pub. L. 115-391, Title VI, § 603(b), Dec. 21, 2018, 132 Stat. 5239. Before the First Step Act was enacted, a court could review a prisoner's sentence pursuant to § 3582(c)(1)(A) only "upon motion of the Director of the Bureau of Prisons" ("BOP"). *Id.* But under the amended statute, a court may conduct such a review also "upon motion of the defendant," if the defendant has exhausted all administrative remedies to appeal the BOP's failure to bring a motion, or if thirty days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" *Id.* The court may authorize compassionate release if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court finds that "extraordinary and compelling reasons" warrant it. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

On August 27, 2020, Ayala-Pizzaro submitted a request for compassionate release to the warden of FCI Schuylkill, where he was incarcerated at that time. (ECF 307 at 2). The government does not contest that Ayala-Pizzaro has exhausted his administrative remedies. Thus, the only issues are (1) whether "extraordinary and compelling reasons" warrant the reduction of Ayala-Pizzaro's sentence and (2) if there is such a reason, whether the § 3553(a) factors weigh in favor of a sentence reduction.

## DISCUSSION

Under 28 U.S.C. § 994(t) the United States Sentencing Commission has the responsibility to define "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). The most recent Sentencing Commission policy statement defining

"extraordinary and compelling reasons" for sentence reduction, Guideline § 1B1.13, predates the First Step Act and, as the Fourth Circuit has held, is not a policy statement that applies to motions for compassionate release brought by defendants, because its plain text "constrains the entire policy statement to motions filed solely by the BOP, . . . and not by defendants themselves." *United States v. McCoy*, 981 F.3d 271, 281–82 (4th Cir. 2020) (internal quotation marks and citation omitted). In the absence of an "applicable policy statement[] issued by the Sentencing Commission" concerning what may be an "extraordinary and compelling reason" for compassionate release when a defendant brings a motion under § 3582(c)(1)(A), "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).

Ayala-Pizzaro argues that his risk of developing serious illness related to COVID-19 while incarcerated at FCI Schuylkill due to his underlying medical conditions constitutes an "extraordinary and compelling reason" to reduce his sentence. Ayala-Pizzaro is HIV positive and is obese. (ECF 311-1 at 1, 11). The CDC has warned that both conditions "can make you more likely to get severely ill from COVID-19," *COVID-19: People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Mar. 29, 2021), and that "the risk of severe COVID-19 increases as the number of underlying medical conditions increases in an individual," *COVID-19: Underlying Medical Conditions Associated with High Risk for Severe COVID-19: Information for Healthcare Providers*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html (updated Mar. 29, 2021).

The government does not contest that the risk of serious illness posed by Ayala-Pizzaro's underlying conditions constitutes an extraordinary and compelling reason for a sentence reduction.[1] The court notes, however, that Ayala-Pizzaro was recently transferred to a residential reentry facility (RRC), and is scheduled for release from BOP custody in June 2021. Ayala-Pizzaro includes no information in his motion regarding the risk of COVID-19 in his current housing placement. Accordingly, though his medical conditions put him at a risk of serious illness due to COVID-19 generally, it is unclear whether his remaining in BOP custody at the RRC poses a greater risk to him than would otherwise exist if he were released to the community. *Compare with United States v. Campagna*, ---F. Supp. 3d ---, 2020 WL 1489829, *1, 3 (S.D.N.Y. 2020) (defendant in RRC placement demonstrated an extraordinary and compelling reason for his release where he presented evidence of his compromised immune system and the congregate conditions of the RRC).

At any rate, Ayala-Pizzaro's medical conditions do not end the court's inquiry. The compassionate release statute provides that, before reducing a defendant's sentence for "extraordinary and compelling reasons," the court must consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent they are applicable." *See* 18 U.S.C. § 3582(c)(1)(A). Here, the court considers the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to protect the public from further crimes. *Id.* §§ 3553(a)(1), (a)(2)(C).

Ayala-Pizzaro's offense was certainly serious. He was convicted of a conspiracy to distribute narcotics that involved at least 10 kilograms of heroin, a very large quantity of the drug, and the plea

---

[1] The government does argue, however, that Ayala-Pizzaro is not eligible for compassionate release unless the court finds him not a danger to the community under 18 U.S.C. § 3412(g), citing U.S.S.G. § 1B1.13, which advises that in order to reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A), the court must determine (1) extraordinary and compelling reasons warrant the reduction, (2) the defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142(g), and (3) the reduction is consistent with the U.S.S.C's policy statements. But as stated *supra*, U.S.S.G. § 1B1.13 applies only to motions for sentence reduction brought on behalf of defendants by the BOP and thus is not applicable to Ayala-Pizzaro's motion. *See McCoy*, 981 F.3d at 281–82; *United States v. Kibble*, --- F.3d ----, 2021 WL 1216543, *3–4 (4th Cir. 2021). At any rate, in addressing the § 3553(a) factors, the court considers the need for the sentence to "protect the public from further crimes of the defendant," *see* 18 U.S.C. § 3553(a)(2)(C), an inquiry which implicitly requires the court to assess Ayala-Pizzaro's danger to the community.

4

agreement reflects that his involvement was significant, with him transporting heroin to customers in at least two states, acting as the primary liaison between the operation and at least one customer, and discussing the finances of the operation with customers. (ECF 174, Plea Agreement, at 4–6).

This offense is the latest and the most serious of Ayala-Pizzaro's controlled substance offenses. His criminal history includes one felony and one misdemeanor conviction for violations of Pennsylvania's Controlled Substance Act, and he was on probation for the misdemeanor at the time of his arrest for the instant offense. (ECF 203, Presentence Report ¶¶ 36–38, 40). The court considers this history alongside Ayala-Pizzaro's post-sentencing conduct, which "provides the most up-to-date-picture of [his] 'history and characteristics.'" *See Pepper v. United States*, 562 U.S. 476, 492 (2011) (citing 18 U.S.C. § 3553(a)(1)). Ayala-Pizzaro incurred three disciplinary infractions during his incarceration. In 2015 he was sanctioned for letting another inmate use his phone account. ECF 311-2. In 2017, he admitted to using intoxicants. *Id.* And, most seriously, in 2018 he was found in the building's vent shaft. *Id.* In addition to the seriousness of the instant offense, Ayala-Pizzaro's disciplinary history at the BOP suggests a pattern of worsening behavior over time and reflects that serving the remainder of his sentence may more adequately protect the public. Accordingly, the court finds that the balance of the § 3553(a) factors weigh against granting compassionate release.

## CONCLUSION

For the foregoing reasons, Ayala-Pizzaro's motion for compassionate release (ECF 307) will be denied. The associated motion to seal (ECF 310) will be granted to protect the confidentiality of personal information. A separate Order follows.

| | |
|---|---|
| __4/6/2021__ | _____/S/_____ |
| Date | Catherine C. Blake |
| | United States District Judge |